Kerry **KNORPP**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–81–00030–CR.

Court of Appeals of Texas,
El Paso.

Jan. 26, 1983.

George Whittenburg, Whittenburg, Whittenburg & Schacter, Michael B. Charlton, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Amarillo, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a jury conviction for official misconduct. The court assessed punishment at ten years confinement and granted probation. We reverse and remand for a new trial.

Ground of Error No. One asserts that the criminal prosecution was barred by the doctrine of collateral estoppel, as set out in Article 27.05 of the Tex.Code Crim.Pro. (Vernon Supp.1982), and established as a constitutional element of double jeopardy in *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970). The present indictment alternatively alleged

theft of funds from Potter County and official misconduct in the misapplication of those same funds for personal benefit. The Appellant, the former Potter County Attorney, arranged to attend the June, 1975, Executive Prosecutors Course conducted by the National College of District Attorneys in Houston. In April and June, 1975, by requisition, he caused the treasurer of Potter County to issue two checks totalling $225.00 to the college to pay for tuition. Appellant subsequently cancelled his registration, and on June 20, the college sent him a refund check for the entire amount. The check was sent to the Appellant at the Potter County Courthouse and was made payable to him personally, without designating his official position or otherwise restricting the payee designation. On December 5, 1975, Appellant deposited the check in his personal account in the Western National Bank, Amarillo, Randall County, Texas. The deposit slip identified the check as a refund of the college tuition. In the latter part of 1975, informal internal county auditing requests were made for an accounting, which were put off by the Appellant. In early 1976, an annual external audit disclosed the outstanding funds and further demand was made for an accounting. On June 28, 1976, Appellant sent a reimbursement to the county, including the $225.00 indicated above, as well as an $800.00 advance made earlier in 1975 for deposition expenses arising out of a federal civil suit. An accompanying letter indicated that Appellant retained the $225.00 in the expectation of attending the June, 1976, prosecutors course.

Appellant was indicted in this cause on March 24, 1977. He was also the subject of numerous other indictments alleging bribery, theft and official misconduct. The Potter County District Attorney's office also initiated a removal suit based on twenty-four allegations of official misconduct. One count alleged the same acts which were the basis of the alternative counts in this cause. The jury found for the Appellant in the removal suit on all counts. Appellant contends that the removal suit was punitive in nature, that the parties and issues were identical, and that the jury verdict could only have been based upon a finding of no culpable intent; since the latter issue is essential to the criminal conviction, the removal suit verdict bars the later criminal prosecution. In conjunction with a pre-trial motion to dismiss, Appellant offered an affidavit signed by all jurors in the removal suit to the effect that their verdict was in fact based upon a finding of no culpable intent.

The rule of collateral estoppel expressed in *Ashe v. Swenson,* and statutorily prescribed by Article 27.05, bars a subsequent prosecution where a previous verdict *necessarily* was grounded upon a factual finding adverse to an essential element of conviction in the subsequent trial. The statute requires that the prior proceeding have reached a final judgment. Appellant's complaint is without merit on three grounds. At the time of this trial, the results of the prior removal suit had not reached finality. Following appeal by the district attorney, the Amarillo Court of Appeals ruled in favor of the Appellant, and the Texas Supreme Court refused the subsequent writ, finding no reversible error. The Supreme Court had not, however, ruled on the State's motion for rehearing. The mandate was ultimately issued after this criminal prosecution. *State ex rel. Russell v. Knorpp,* 575 S.W.2d 401 (Tex.Civ.App.— Amarillo 1978, writ ref'd n.r.e.). Consequently, the finality requirement of Article 27.05 was not satisfied.

As noted in *Ashe v. Swenson,* general issue submission necessitates a rule that the first jury verdict *necessarily* entail a finding fatal to subsequent conviction. Accordingly, Appellant's offer of a joint affidavit from the first jury identifying the sole ground of their decision was not appropriate to a determination of the collateral estoppel issue. The question must be resolved by a comparison of pleadings, parties, evidence and charges. Such a comparison in this case discloses an issue favorable to the Appellant which was present in the charge to the first jury but not present in the criminal prosecution. The first jury was charged on the public forgiveness doctrine.

They were instructed that they could not find against the Appellant unless they found from a preponderance of the evidence that the public did not know of the alleged misconduct prior to Appellant's November 2, 1976, reelection. Momentarily ignoring the appellate outcome of the removal suit, this additional issue is sufficient to eliminate the first jury verdict as a basis for collateral estoppel.

Proceeding to the appellate decision in the removal suit, we find a further basis for overruling Ground of Error No. One. During the removal suit, Appellant argued that the forgiveness doctrine was not applicable and that his removal from office was barred simply by reelection under Article 5986 of the Texas Revised Civil Statutes. The Amarillo Court of Appeals sustained Appellant's contention and held that the jury trial proceedings were immaterial to the proper judgment to be rendered in the removal suit. The submission to the jury and its findings could form no basis for judgment and consequently were a nullity. Ultimately, Appellant prevailed in his removal suit as a matter of law and not of fact. Ground of Error No. One is overruled.

Ground of Error No. Two contends that the trial court erred in denying his motion to dismiss under the Speedy Trial Act. Article 32A.02 Tex.Code Crim.Pro.Ann. (Vernon Supp.1982). The indictment was returned on March 24, 1977. Appellant was arrested and placed on bond the same day. The local district judges recused themselves, and on September 10, 1977, retired Judge Arthur Tipps was appointed to preside. The civil removal suit was tried before Judge Tipps in January, 1978. On May 1, 1978, a change of venue hearing was held. On October 13, the court ordered a venue change to the 34th District Court of El Paso County. In the interim, a pretrial hearing had been set for September 22, but was reset upon Appellant's request. The cause was refiled in El Paso on October 19, 1978, 111 days after the July 1, 1978, effective date of Article 32A.02 of the Code Crim.Pro. The trial was specially set for January 15, 1979. This was postponed at the request of the Appellant to enable him to present pretrial motions. On January 19, pretrial motions to dismiss were presented alleging denial of speedy trial and prosecutorial vindictiveness and two motions to quash the indictment were heard. A second trial setting of February 19 was established but was changed to February 20 due to a holiday on the previous day. Additional pretrial motions by the Appellant voided that setting which was replaced with a March 26 date. On March 13, Appellant's counsel sent a letter to the trial court requesting a postponement of the March 26 setting. The prosecution opposed the delay in writing, and Appellant's request was denied. A hearing on Appellant's motion was set for March 23. Appellant's presence was not waived, but he did not appear. Counsel presented a telegram indicating that Appellant was under a doctor's care in Amarillo due to his emotional state. The March 23 motions were nonetheless heard and overruled. The March 26 trial setting was vacated, Appellant's bond forfeited and a capias issued. On April 3, 1978, based upon the doctor's telegram, the court ordered a psychiatric evaluation of Appellant to determine his competency to stand trial. The examination was conducted on April 16, and an evaluation of competency was reported to the court on April 19. A new trial setting of June 4 was granted. On that day, Appellant reurged his speedy trial motion and his motion to dismiss for prosecutorial vindictiveness. He also filed a motion for continuance, seeking a delay until the completion of the appellate review of his civil removal suit. The motions were denied and trial commenced on the following day.

Appellant contends that the State never announced that they were ready in this case within 120 days of the Speedy Trial Act effective date. As a result of Appellant's varied efforts to block this prosecution, a great deal of the material from the civil removal suit proceedings was presented to the trial court and appears in this record. Included is the January 9, 1978, announcement of ready by the prosecution in the civil removal suit. It is conceded that, with the exception of the reelec-

tion defense, the issues and evidence arising in this criminal prosecution were identical to one count of the civil removal suit. We further note that, following transfer to El Paso, all State's witnesses were subpoenaed and served for each and every trial setting. El Paso Court Administrator Donna Young presented an affidavit indicating that each of Appellant's trial dates was a special setting, and, given the court docket, they were the only settings available. The affidavit further states that the cause would have gone to trial on the initial date of January 15 but for the agreement of the parties to hear Appellant's pretrial motions on January 19. No continuances or delays were sought by the State. The January 15 and February 20 settings were vacated due to Appellant's actions. Appellant sought a continuance of the March 26 setting, which was opposed by the State. Appellant failed to appear on March 26. On the final trial date of June 4, Appellant again sought a continuance. The record discloses a timely state of readiness by the State and no dilatory action on the State's part in proceeding to trial. On the other hand, the record presents a classic example of defensive claims of deprivation of speedy trial, incompatibly accompanied by reluctance to conclude the matter before a jury. Ground of Error No. Two is overruled.

■ In Ground of Error No. Three, Appellant contends that the trial court improperly precluded his introduction of evidence that Potter County owed him money from unrelated transactions at the time of his alleged misapplication of the tuition refund. His brief does not accurately reflect the court's ruling. The trial judge did not refuse the evidence, but cautioned Appellant that to proceed in such a defensive fashion might expose him to some twenty-six other extraneous offenses. The court stated that he was not ruling on the admissibility of such extraneous offenses since he had heard no evidence on them at that point. On the basis of that ruling, Appellant elected not to present such evidence to the jury. Appellant's brief does not indicate what evidence would have been presented. He does not cite the record with regard to such evidence. As an abstract matter, we do not find this evidence relevant to the criminal charge, since such an outstanding debt to the Appellant, if proven, would not exonerate any misapplication of funds authorized by the Potter County Commissioners for some other purpose. We find no error in the court's ruling, and the relevancy of the evidence proffered has not been established by the proponent. Ground of Error No. Three is overruled.

■ Ground of Error No. Three-A challenges the validity of initial appointment of retired Judge Walter Tipps to preside over this cause. Judge Tipps ultimately transferred the cause to the 34th Judicial District Court of El Paso County, Judge Woodard presiding. Appellant contends that the administrative assignment of a retired Eighth Administrative District judge to preside over this Ninth Administrative District cause was improper in that there has been no showing of a particular need or absence of an active qualified judge to preside in the normal course of duty. Special assignment of judges, whether active or retired, may arise in a variety of situations. Code Crim.Pro. Article 30.02 and Article 200a, Sections 5, 5a and 6 of the Revised Civil Statutes are cumulative in nature. Disqualification of available active judges is not an absolute requisite for each and every reassignment. The record in this cause contains a judicial administrative reassignment order reflecting an appeal by the presiding judge of the Ninth Administrative District to the presiding judge of the Eighth Administrative District for appointment of a qualified district judge to aid in pending local litigation. Retired Judge Walter Tipps was designated by his presiding judge to render such assistance. Following such designation, Judge Tipps was then assigned to this cause in Potter County. The record demonstrates adherence to the Article 200a provisions for inter-district transfers. The procedure was not challenged below. No error is shown. Ground of Error No. Three-A is overruled.

Ground of Error No. Three-B alleges that Judge Tipps improperly ordered a change of venue to El Paso County on his own motion,

without a hearing. Judge Tipps' order of October 13, 1978, recites that a hearing was held on the court's own motion on May 1, 1978, to determine the need for a change of venue. The order recites that the Appellant was present with counsel. The judge found that a trial impartial to both the State and the Appellant could not be due to extensive pretrial publicity. Appellant now contends that no such hearing was held. He initially raised such objection at a March 26, 1979, pretrial hearing in El Paso, but offered no testimony. The court's docket sheet is silent as to this matter. It does appear that two representatives of the news media were served with subpoenae duces tecum for the May 1 hearing. It further appears in the record that an agreement was reached between the Appellant, the State and Judge Tipps to transfer this indicted case to El Paso, leaving four others in Potter County. On June 4, 1979, the defense presented a motion in limine regarding the extraneous offense embodied in one of the four causes left in Potter County. At that time, George Gilkerson, trial counsel for Appellant, acknowledged the agreement to transfer only the present case to El Paso. He also testified that Appellant was fully cognizant of the agreed transfer. At the June 4 hearing, both Appellant and counsel indicated their expectations that the agreement would prohibit the introduction of extraneous offenses contained in the other four cases. Appellant has not presented an appellate ground of error asserting fraudulent inducement to agree to the change of venue nor any breach of "contractual" obligation with regard to introduction of extraneous offenses. The record is inadequate to rebut the recitals in the change of venue order. What evidence was presented outside the order indicates an agreed change of venue. No error is shown. Ground of Error No. Three-B is overruled. For the same reasons Ground of Error No. Three-C, denial of Appellant's motion to remand, is also overruled.

■ Ground of Error No. Four alleges that the trial court erred in failing to dismiss this case due to the prosecutorial vindictiveness of the State in pursuing the matter. It is apparent that the trial was ac-companied by extreme personal, professional and political antipathy between the Appellant and District Attorney Tom Curtis. Such animus alone does not satisfy the constitutional standard for finding improperly selective prosecution. Appellant must demonstrate discriminatory treatment attributable to an impermissible motive. *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). Appellant has not met this time-honored standard. His only offer in the record is contained in Bill of Exception No. Three alluding to the expected testimony of L.B. Bartlett. The court properly refused the bill as untimely filed under Article 40.09, Section 6(a). Appellant was not offered the option of substituting a concise statement of the proffered evidence in lieu of live testimony under Code Crim. Pro. Article 40.09, Section 6(d)(1). Accordingly, the contents of the bill are not properly before us. In any event, the summary of Mr. Bartlett's expected testimony would not support a finding of selective prosecution. Reference is made only to Bartlett's impressions and beliefs concerning the motivation of the State's attorney and his failure to proceed against other individuals allegedly engaged in conduct similar to that of the Appellant. Neither prong of the *Yick Wo* standard has been satisfied in this case by proper proof. Ground of Error No. Four is overruled.

■ In Ground of Error No. Five, Appellant contends that the court should have sustained his motion to strike count one of the indictment, alleging theft under Penal Code Section 31.03. This complaint is ancillary to his collateral estoppel challenge addressed above. In the earlier civil removal suit, the State waived its theft pleadings and proceeded to the jury solely on a theory of misapplication. Appellant contends that this abandonment constitutes a bar to inclusion of the theft theory in the subsequent criminal prosecution. Appellant's cited authority, *Ex parte Scelles,* 511 S.W.2d 300 (Tex.Cr.App.1974); *Yarber v. Pennell,* 443 S.W.2d 382 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.); and *Long v. Knox,* 155 Tex. 581, 291 S.W.2d 292 (1956), are factually and procedurally distinguishable from

the present litigation to the extent that they do not support Appellant's proposition. Furthermore, the ultimate appellate resolution of the civil removal suit is fatal to Appellant's present contention in the same manner as it affects the collateral estoppel issue. Ground of Error No. Five is overruled.

■ Ground of Error No. Six challenges the propriety of permitting the El Paso County Attorney to sit with the Potter County District Attorney during the trial in El Paso. Appellant asserts that such a procedure would only be appropriate upon request by the District Attorney of El Paso. We do not agree that Article 2.02 of the Code of Criminal Procedure necessitates the request procedure urged by the Appellant. The statute clearly contemplates the rendition of trial assistance by the county attorney to the State's attorney actually responsible for conducting the prosecution. In this case no challenge was issued to the status of Potter County District Attorney Tom Curtis in representing the State on a change of venue basis. It has not been suggested that the transfer to El Paso made it incumbent upon the El Paso District Attorney to assume trial responsibility in this matter. The Potter County District Attorney, for all intents and purposes, was the State's trial attorney in this proceeding, regardless of its geographical setting. It was appropriate under Article 2.02 that he initiate the request for assistance from the local county attorney. Furthermore, Appellant has shown no injury by such a procedure. He has suggested that the request was solely designed to appeal to any elements of the local county attorney's political constituency which might have been present in the venire or ultimate petit jury. This is pure speculation, and the standard procedures for exposing such influences, voir dire and motion for new trial, present no supporting evidence of such injury. Ground of Error No. Six is overruled.

■ Grounds of Error Nos. Seven-A, B, and C, variously complain of the court's action in submitting the theft and misconduct counts to the jury in the alternative. Appellant had urged the court to require an election by the State prior to trial at the close of the case-in-chief and prior to submission to the jury. Appellant's reliance on the joinder provisions of Code Crim.Pro. Article 21.24 and Penal Code Section 3.01 is misplaced. In the present case, the State presented via separate counts two criminal interpretations of one transaction. The submission to the jury permitted a verdict of guilty on only one of the counts. Under such circumstances, the State may elect to proceed with one count but is not required to do so. Absent election by the State, the alternative submission was proper. *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978). Grounds of Error Nos. Seven-A, B, and C are overruled.

■ In Ground of Error No. Eight, Appellant contends that the State's evidence established a fatal variance from the venue allegation in the indictment. The misapplication was alleged to have occurred on or about December 5, 1975, in Potter County. It was shown at trial that the relevant December 5 conduct of the Appellant consisted of depositing the tuition refund check in his personal account at the Western National Bank in Randall County. Article 13.-17 of the Code Crim.Pro. provides that venue allegations may be sustained by a preponderance of the evidence. An element of the offense must be shown by such a standard to have occurred in the county alleged. In this case, the evidence demonstrated that Appellant received the refund check at the County Courthouse in Potter County, the funds belonged to Potter County, the proper restitution point was in Potter County, Appellant received the funds as a result of his position as Potter County Attorney and some segment of the retention of the funds occurred within that county. Only the additional element of secreting the funds in his personal account occurred in Randall County. There was sufficient evidence, under the preponderance standard, to support the jury's conclusion as to the venue pleading. Ground of Error No. Eight is overruled.

■ In Ground of Error No. Nine, Appellant complains of the court's denial of his motion for continuance filed on the morn-

ing of the first day of trial. The motion sought continuance until the Texas Supreme Court had acted upon the State's motion for rehearing in the earlier civil removal suit. As indicated above, the outcome of the civil removal suit, viewed at any stage of its progression through trial and appeal, would not support Appellant's attempts to bar the subsequent criminal prosecution. The denial of the continuance presents neither error nor injury. Ground of Error No. Nine is overruled.

■ Grounds of Error Nos. Ten and Eleven complain of the State's use of two expert witnesses to present legal conclusions as to an ultimate fact issue for the jury's determination. Witnesses John Davis and Andy Shuval testified as to whether the Appellant or Potter County had greater right to possession of the refund check and the funds it represented. Without the vehicle of a hypothetical premise, Davis was asked on direct examination whether he was generally familiar with the facts and evidence in the case. Following an affirmative response, he was asked for his expert opinion on whether Appellant or Potter County had the greater right to possession of the funds represented by the refund check. He responded that Potter County had the greater right from the time of the initial refund. Appellant objected that this invaded the province of the jury. The objection was properly overruled under *Hopkins v. State,* 480 S.W.2d 212 (Tex.Cr.App. 1972). Nevertheless, the following morning the court ruled that Davis's testimony was inadmissible due to the inadequate predicate presented for his opinion. The evidence was excluded, and the jury was carefully instructed to disregard the testimony. Ground of Error No. Ten is accordingly overruled.

In Ground of Error No. Eleven, the Appellant contends that the court erred in permitting the State to impeach the testimony of its own witness, Al Whitaker, with the expert testimony of Andy Shuval. Dean Rausch, Western National Bank, was asked on cross-examination whether the payee is the owner of a check. He answered in the affirmative. Over the State's objection of "legal conclusion," the court

further permitted him to respond on cross-examination that the payee was also the owner of the funds represented by a check made out to him. The next witness, Potter County Treasurer Al Whitaker, was then asked on direct examination by the prosecutor who was due the money represented by the check. The defense objection of "legal conclusion" was sustained. The prosecutor persisted and, perceiving the favorable direction of the witness's response, the defense ceased objecting on the previous basis. The State repeatedly couched its questions in terms of the funds represented by the check; the witness repeatedly answered in terms of the check itself. Ultimately on recross-examination, Whitaker stated that regardless of the payee's handling of the check, there would be a continuing accounting liability upon the payee under the circumstances in this case. The crux of Shuval's later testimony, based upon a hypothetical fact situation, was that the greater right to possession of the refund money was in the county from the time of issuance of the refund check. Shuval's testimony did not amount to an impeachment of Whitaker. Rather it presents a comparison of apples and oranges. Whitaker focused on the handling of the check, Shuval on the obligation to return the funds.

Due to our disposition of the case, in the interest of guidance for retrial, the following framework of issues should be noted. The manner in which the refund check was handled by the Appellant is not an ultimate fact question for the jury. The ultimate issue is the intent with which he retained the funds represented by the check from June 20, 1975, to June 28, 1976. The manner in which the check was handled is subsidiary evidence to be considered in resolving the ultimate issue. Bracketing the other end of the evidentiary spectrum is the conceded ultimate right of the county to a refund of $225.00. The indictment charged misapplication of these funds by their retention and secretion, for personal benefit, during the time frame indicated. Within these parameters, the trial court, perhaps by instinct, properly regulated the flow of evidence to the jury. Ground of Error No. Eleven is overruled.

■ In Grounds of Error Nos. Twelve-A and Twelve-B, Appellant complains of the introduction of an extraneous offense involving a similar incident of prolonged retention of county funds not expended for the purpose for which they were initially tendered to the Appellant. Appellant refunded the $225.00 tuition refund to the county on June 28, 1976, one year after he received the refund from the school and six months after depositing it in his personal bank account. At the same time, he refunded $800.00 which he received from the county in January, 1975. He had requested the latter funds to pay for a deposition deposit in a Dallas federal civil suit in which he was representing the county. The State introduced evidence of this refund, together with testimony that the deposition reporter had been selected by Attorney Douglas Larsen of Dallas, no deposit had been required, the county maintained a separate fund for court reporter expenses, and the reporter had been paid in full by Potter County on March 11, 1975, sixteen months before Appellant made the refund. This incident was similar enough in character and time frame to the indicted offense to justify its admission as proof of a continuing scheme. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972). Nor do we find any impropriety in the manner of its presentation to the jury. Grounds of Error Nos. Twelve-A and B are overruled.

■ In Ground of Error No. Thirteen, Appellant contends that the trial court erred in denying a motion for mistrial based upon four alleged acts of prosecutorial misconduct. No authority is cited in support of this ground of error. No citation to the record is provided with regard to the second alleged act of misconduct, in violation of Tex.Crim.App.R. 202. With regard to the first alleged act of misconduct, we note that via motion in limine, the parties were not to refer to punishment during voir dire, such matter having been left to the trial court by Appellant's pretrial election. It was Appellant's counsel who first raised the possibility of imprisonment with the jury, and the State's attorney responded with a "speaking" objection referring to a range of punishment including both incarceration and probation. While we do not condone "speaking objections" which either arise from or lead to a "free-for-all" trial atmosphere, we do not find the occurrence here to be of such moment as to justify a mistrial.

■ The second alleged act of misconduct concerned a motion by the State during voir dire to have the defense designate counsel. This was apparently an effort to clarify the dual status of Appellant as defendant and attorney participating in the defense. This followed a defense question to the jury panel concerning their consideration of questions posed by the defendant-attorney and any responses he obtained from witnesses. The exchange over this issue was confused and exemplifies the hypersensitivity of both sides of this litigation. Once again, however, we do not consider the action sufficiently harmful to necessitate a mistrial.

■ The third act of misconduct was the initial inquiry by the State's attorney of Al Whitaker concerning the $800.00 refund made by Appellant on June 28, 1976. The court terminated this inquiry on the basis of hearsay and lack of predicate for impeachment of the State's own witness. The court properly denied a mistrial on the basis of improper introduction of an extraneous offense. The State's attorney was forestalled from developing the subject at this time, to an extent which would demonstrate an extraneous offense to the jury.

The final aspect of alleged misconduct concerns the use of two expert witnesses to testify on the issue of greater right to possession. We have already resolved that issue in a manner adverse to Appellant's position. Ground of Error No. Thirteen is overruled.

■ The culpable mental state of this offense was proven by direct evidence. There was no error in refusing Appellant's requested circumstantial evidence charge on the basis of no direct evidence of the requisite culpable mental state. *Perez v. State*, 590 S.W.2d 474, 480 (Tex.Cr.App.1979); *Glover v. State*, 566 S.W.2d 636 (Tex.Cr.App.

1978). Ground of Error No. Fourteen-A is overruled.

■ Appellant requested an instruction to the jury that the mechanics of satisfying a debtor-creditor relationship between a public official and the government are not statutorily prescribed and that the jury must acquit if they found the accounting delay in this case to be attributable to simple carelessness or other reasons not inherently unlawful. Both counts of the indictment alleged intentional and knowing mental states of culpability. Both mental states were defined in the charge in accordance with Texas Penal Code Section 6.03. The requested instruction merely presented a converse version of that actually given. The main charge adequately covered the mental states necessary to support a conviction. *Bridges v. State,* 422 S.W.2d 449 (Tex.Cr.App.1967). Ground of Error No. Fourteen-B is overruled.

■ Appellant's requested instruction concerning a temporary withholding of funds which does not seriously injure the rights of the owner was also adequately covered by the main charge's definition of "deprived." Tex.Penal Code Section 31.01 (Vernon 1974). Accordingly, it was not error to refuse the requested instruction. Ground of Error No. Fourteen-C is overruled.

■ In Requested Instruction No. Four, Appellant, in effect, sought instruction on the defense of mistake of law, permitting the jury to acquit if they found or had a reasonable doubt that he reasonably believed he had a greater right to possession of the check and funds during the retention period. Tex.Penal Code Section 8.03(b) requires that the actor have relied upon an official statement of the law contained in a written order or grant of permission by the appropriate regulatory agency, an interpretative written court opinion, or a written interpretation made by a public official charged with responsibility for interpreting the law in question. The evidence in this case did not establish the requisites for such an instruction. Ground of Error No. Fourteen-D is overruled.

■ In charging the jury on the presumption of innocence, the court instructed them that:

> The burden is upon the State to prove the Defendant guilty beyond a reasonable doubt. The Defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and if you have a reasonable doubt as to the guilt of the Defendant, you will acquit him.

Relying upon Tex.Penal Code Section 2.01, Appellant objected to the court's failure to specifically state that each element of the offense must be proven beyond a reasonable doubt. The language found in the Penal Code is certainly the preferred explanation of the presumption of innocence and the State's burden. The manner in which this jury was instructed has, however, been held to provide adequate protection of the defendant's rights. *Adams v. State,* 588 S.W.2d 597 (Tex.Cr.App.1979); *DeRusse v. State,* 579 S.W.2d 224 (Tex.Cr.App.1979). Ground of Error No. Fourteen-E is overruled.

In Ground of Error No. Fourteen-F, Appellant contends the court erred in refusing his requested instruction on the obligation to rebut exculpatory statements introduced by the State. During the State's case-in-chief, the defense elicited testimony that the Appellant had in fact refunded the $225.00 to the county on June 28, 1976. The State attempted to launch into the extraneous offense involving $800.00 refunded at the same time. A sustained defense objection forestalled this effort. During the State's rebuttal, the prosecutor introduced the Appellant's letter to the county commissioners which accompanied the refund. The letter identified the $225.00 as the tuition payment made by the county for the 1975 course which he was unable to attend. The letter further stated that he had planned to attend the 1976 course, but was once again unable to do so.

■ The complaint is without merit. First, the rule applies to exculpatory evidence introduced by the State in developing its case-in-chief. Here, the letter was intro-

duced during the rebuttal phase of the trial. *Melton v. State,* 508 S.W.2d 104 (Tex.Cr. App.1974); *Weedon v. State,* 501 S.W.2d 336 (Tex.Cr.App.1973). Furthermore, such an instruction is not required where it fairly appears that the statement is not relied upon by the State for conviction but is offered to contradict or rebut a defensive theory. *Otts v. State,* 135 Tex.Cr.R. 28, 116 S.W.2d 1084 (1938). The Appellant's explanatory letter concerning the $225.00 was offered for the damaging contrast with the concurrent refund of the $800.00 federal deposition deposit. Finally, we conclude that the tenor of the explanation, while tending to exonerate the Appellant on the theft count, was not exculpatory with regard to the misapplication theory, and it was the latter charge which resulted in the guilty verdict. Ground of Error No. Fourteen-F is overruled.

Appellant contends in Ground of Error No. Fourteen-G that the jury should have been instructed to acquit unless it found beyond a reasonable doubt that he had a duty to receive the funds in question. The indictment alleged an offense under Penal Code Section 39.01(a)(5), misapplication of property coming into his possession by virtue of his employment. Duty to receive the property is not an element of the offense charged. Appellant is in effect arguing that the appropriate charge should have been failure to perform an accounting duty imposed by law under Section 39.01(a)(3). His argument is without merit in light of the charging decision of the grand jury. Ground of Error No. Fourteen-G is overruled.

■ The trial court also correctly denied Appellant's requested instruction that the jury must acquit unless they found beyond a reasonable doubt that he was not a "holder" of the refund check. Appellant's status as a payee-holder of the check is not determinative of guilt or innocence. The indictment charged misapplication of the funds themselves, not the check. Even if Appellant had a greater right to possession of the check because of his payee status, this would not exonerate him from subsequent unlawful retention of the money represented by the check. Appellant's trial counsel

recognized this fact in his cross-examination of Al Whitaker, Potter County Treasurer. Ground of Error No. Fourteen-H is overruled.

Ground of Error No. Fifteen-A alleges cumulative error in the charge. In reality it is a rambling, multifarious ground totally lacking in merit. "Deprive," "public servant" and "consent" are statutory terms comprising several elements of the alternative counts in the indictment. It was proper to define them in the charge, and the definitions given were correct. Appellant's Fifth Amendment right to refrain from testifying was not belabored, but was presented in traditional fashion. Nor do we perceive any impropriety in the court's instruction limiting the jury to a verdict of guilty on only one of the two alternate counts. Ground of Error No. Fifteen-A is overruled.

■ Conjunctive pleading of the intentional and knowing mental states, as well as the actus reus of "take *and* apply," will support their disjunctive submission to the jury. Ground of Error No. Fifteen-B is overruled.

■ In Grounds of Error Nos. Sixteen-A through Sixteen-E, Appellant presents various complaints of jury misconduct. We have concluded that Ground No. Sixteen-B must be sustained. In reaching this conclusion, we have excluded the contents of Appellant's Bill of Exception No. 7, including the two juror affidavits attached thereto. The bill was filed 119 days after the August 6, 1979, notice of appeal. The court was correct in refusing this bill due to the ninety-day time limit imposed by the previous provisions of Code Crim.Pro. Article 40.09, Section 6(a).

■ On July 6, 1979, Appellant filed a motion for new trial. At the same time, he requested twenty days to amend the motion, indicating that he already had some evidence of jury misconduct and needed additional investigation time because of the distance between Amarillo and El Paso. The State opposed the extension at a hearing on July 12. At that time, the Appellant introduced into evidence the affidavit of

Juror Anna Holt. The court granted the extension and on July 26, a timely amended motion was filed with the court detailing the alleged jury misconduct. The motion referred to two "attached" juror affidavits, clearly describing one as the Anna Holt affidavit · previously introduced. On July 27, the amended motion for new trial was overruled. The record indicates that the two affidavits were attached to the motion and separately offered into evidence as exhibits one and two. The Appellant, despite having served the jurors with subpoenae, elected to proceed on the basis of affidavits. The State's hearsay objection was sustained, resulting in a refusal of the exhibits. Then, as now, Code of Crim.Pro. Article 40.06 provides that if the State takes issue with the defense on the grounds for new trial, the court shall hear evidence by affidavit or otherwise. The admissibility of an affidavit as proof of the matter stated therein differs with the context of the proceedings. Despite proof of authenticity and the presence of the oath, they are generally inadmissible at trial due to the opponent's right to confront adverse witnesses. In the trial of interlocutory or administrative matters before the judge, the converse is true. Search warrants, change of venue, continuance and new trial are classic examples. 1A R. Ray, Texas Law of Evidence, Chapters 16–18, Section 787 (Texas Practice 3d ed. 1980). The authenticity of the affidavit and the due administration of the oath arise as presumptions from the affiant's signature and the jurat. The presumptions may be rebutted, but the burden shifts to the opponent to do so. The State did not accept this burden, relying solely on its hearsay objection. Accordingly, the court erred in sustaining the State's hearsay objection to Appellant's affidavits. The State filed no controverting affidavits to the Holt affidavit. Nor was any live testimony offered by the State. The Holt affidavit, already in evidence, stands factually uncontroverted. In our opinion, it presents a sufficient case of jury misconduct to justify a new trial. *Alexander v. State,* 610 S.W.2d 750 (Tex.Cr. App.1980).

The jury, as a whole and in small groups, commenced deliberation on the case prior to its formal submission for decision. These discussions took place at lunch and during other breaks. A segment of the jury had already concluded prior to formal deliberation that Al Whitaker, called by the State but presenting testimony favorable to the Appellant, should not be believed. One juror conveyed information to the jury as a whole that Appellant had acquired a loan of $6,000.00 to repay the county, concluding that he had taken much more than the $225.00 refund or $800.00 deposition deposit which was in evidence. After the trial, Mrs. Holt recognized this information in newspaper articles which her husband had saved for her. Reference was also made to Appellant's separation from his wife, a fact in print but not in evidence.

 The conduct of the jury in receiving and considering evidence outside the record was in contravention of Article 40.03(7) of the Code of Criminal Procedure. A new trial is mandated if the other evidence is adverse to the accused. It is the character of the evidence which controls, and it is not necessary to speculate on the probable effect upon the jury or to demonstrate that one or more jurors were persuaded to vote for guilt because of the improper information. *Alexander,* 610 S.W.2d at 752–753, 754; *Stephenson v. State,* 571 S.W.2d 174, 175–176 (Tex.Cr.App. 1978); *Rogers v. State,* 551 S.W.2d 369, 370 (Tex.Cr.App.1977). The information referred to in Mrs. Holt's affidavit was clearly adverse and necessitates a reversal and new trial. Ground of Error No. Sixteen-B is sustained.

 Ground of Error No. Seventeen challenges the sufficiency of the evidence. We have concluded that every necessary element of the offense, required by statute and pleading, was supported by sufficient evidence to justify the jury verdict. Ground of Error No. Seventeen is overruled.

 By supplemental brief, counsel for Appellant has urged eight grounds of error, only one of which is distinct from the issues raised by Appellant's pro se brief. Supple-

mental Ground of Error No. Five asserts that the trial court erred in not granting Appellant's motion to quash the official misconduct count due to the inadequacy of the property description contained in the pleadings. The indictment described the property as "something of value, namely, money belonging to Potter County, Texas." Under the official misconduct statute, Penal Code Section 39.01, the exact value of the property misapplied is not a necessary element of proof. Appellate counsel is relying upon too narrow a reading of *Powell v. State*, 549 S.W.2d 398 (Tex.Cr.App.1977), and the cases cited therein. The pleading requirements for this type of offense are akin to those established in robbery and aggravated robbery cases. *See e.g.: Hill v. State*, 568 S.W.2d 338, 339 (Tex.Cr.App. 1978). The pleading in this case afforded sufficient notice and protection from double jeopardy. Supplemental Ground of Error No. Five is overruled.

Due to the error presented in Ground of Error No. Sixteen-B, the judgment is hereby reversed and the cause remanded for new trial.