**Melvin SHIVERS, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 01–87–01121–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 18, 1988.

Bruno A. Shimek, Bryan, for appellant.

McConnell, Deena J., Asst. Dist. Atty., Bryan, for appellee.

Before STEPHANOW, WARREN and SAM BASS, JJ.

OPINION

STEPHANOW, Justice.

A jury found appellant guilty of burglary of a building. The court determined two enhancement allegations to be true, and assessed punishment at life imprisonment.

Appellant was convicted of breaking into a grocery store one night around midnight and taking some cigarettes and meat. His conviction was based solely on the testimony of an eyewitness that he saw appellant, whom he knew and recognized, break into the store. The eyewitness's house, from where he viewed the break-in, was separated from the store by a vacant lot and a street. There was conflicting testimony about the number and size of trees and shrubs on the vacant lot, which could have obstructed the eyewitness's view.

Appellant filed a motion for new trial based on jury misconduct, under Tex.Code Crim.P.Ann. art. 40.03(7) (Vernon 1979), and on the court's violation of Tex.Code Crim.P. art. 36.27 (Vernon 1981), requiring all communication between the judge and jury to be in writing and in open court. Appellant's two points of error challenge the denial of his motion for new trial on each of these grounds.

In his first point of error, appellant challenges the trial court's denial of his motion for a new trial based on jury misconduct. During a noon recess, the jury foreman had driven by the crime scene in order to better determine whether the eye witness could actually have visualized the crime, according to his own affidavit, and then informed the other jurors about what he had done. The extent of what he told the other jurors is controverted.

■ Article 40.03(7), now Tex.R.App.P. 30(b)(7), provides, in part, that a new trial shall be granted "where after retiring to deliberate the jury has received other evidence." In the much cited case of *Rogers v. State*, 551 S.W.2d 369 (Tex.Crim.App. 1977), the Court of Criminal Appeals for the first time interpreted article 40.03(7) as a "per se" rule mandating a new trial if it is uncontroverted that (1) "other evidence" was received, and (2) such evidence was adverse to the defendant. *See, e.g., Eckert v. State*, 623 S.W.2d 359, 364 (Tex.Crim. App.1981), *overruled on other grounds, Reed v. State*, 744 S.W.2d 112, 125 (Tex. Crim.App.1988); *Garza v. State*, 630 S.W. 2d 272, 274 (Tex.Crim.App.1981). However, if there is conflicting testimony and a fact issue is raised on whether the jury actually received other evidence, there is no abuse of discretion if the motion for new trial is overruled. *Eckert*, 623 S.W.2d at 364.

The mandate of the statute is triggered only by the initial satisfaction of both prongs of the test, i.e., actual receipt of the additional information in addition to adversity. *Id.* Evidence has been held not to have been received where there was just a passing remark of such evidence that was followed by rejection of the other jurors

and an instruction not to consider such evidence. *Id.* at 365.

■ At the hearing on appellant's motion for a new trial, the foreman, called by appellant, testified that on his lunch break he drove by the vacant lot because "there seemed to be a little bit of confusion as to what was on the vacant lot." He further testified that he mentioned to the other jurors what he had done, and that he felt "the witness could see from the house because there were not enough trees to restrict his view." He explained that this came up when the jurors were viewing some of the photographs of the scene introduced into evidence, and one of the jurors questioned whether or not you could see from the house. The foreman also testified that he did not discuss this further after one of the other jurors told him that he should not have done that and not to talk about it, and a note regarding the jury misconduct was sent to the trial judge, who sent back word to continue deliberation. We further note that neither appellant nor his attorney were advised at that time of the note or its contents, and no instruction to disregard any evidence that may have been received was given by the trial judge.

One other juror testified at the hearing, and affidavits from nine jurors were introduced into evidence. (The twelfth juror had died since the trial.) Everyone agreed that the foreman told them what he had done, but there were conflicting statements on whether he told them what he saw. Three jurors, in their affidavits, stated that the foreman did not tell them what he saw, one juror stated that he could not remember, and the others did not comment on it.

Because there was conflicting testimony regarding whether the foreman informed the jurors about what he saw, and therefore whether "other evidence" was received, the trial court cannot be found to have abused its discretion in denying the motion for a new trial on these grounds. *Eckert*, 623 S.W.2d at 364; *cf. Bearden v. State*, 648 S.W.2d 688 (Tex.Cr.App.1983) (where there were no statements directly contraverting another's claim). We hold that informing the jury only that he had

gone by the scene would not constitute "other evidence" adverse to appellant.

The question remains, however, whether the foreman's driving by the scene during jury deliberations and his resulting observations alone would constitute mandatory grounds for a new trial.

This situation differs from where a juror's personal knowledge acquired prior to jury deliberations may have affected his verdict. *See Baldonado v. State,* 745 S.W.2d 491, 495 (Tex.App.—Corpus Christi 1988, n.w.h.). In that situation, unlike in the present case, "other evidence" adverse to the defendant is not received *after* jury deliberations begin.

We can find only two Court of Criminal Appeals cases where a single juror had gone by the scene of the crime. In *Williams v. State,* 170 Tex.Crim. 595, 343 S.W.2d 263 (1961), where a juror on the second day of trial went for lunch to the drugstore that had been burglarized, the court held: "In the absence of any showing that the juror acquired information material to the case, or of any discussion or wrongful use of anything she saw at the drug store, the juror's visit to the drug store did not require that a new trial be granted." In this case, it was shown that the foreman acquired information, not only material to the case, but adverse to appellant.

In *Broussard v. State,* 505 S.W.2d 282, 285 (Tex.Crim.App.1974), a juror had told the other jurors, based on her personal observation of the scene of the crime, that a statement of a defense witness could not have been true. The court found that there was no error where there was no discussion of the evidence, and the jurors were promptly instructed by the foreman not to consider it. It is unclear whether the juror in *Broussard* viewed the scene prior to or during jury deliberations. However, even if it had been during jury deliberations, *Broussard* would not be controlling for two reasons: (1) the *Broussard* court pointed out that there was evidence in the record of the "other evidence" received by the jury, i.e. the location of a fence; and (2) the jurors were promptly instructed not to consider the "other evidence." After explaining why there was no reversible error, the *Broussard* court did state that "[w]e do not mean to condone such 'private viewings' of the scene by members of the jury."

In this case, while there were photographs of the scene introduced into evidence, they did not clearly show the vacant lot. As noted earlier, neither was there an instruction not to consider the "other evidence" from another juror, nor, most significantly, from the trial judge upon being notified of the misconduct.

This case is unique from other cases we have reviewed in that the trial judge was immediately informed of the jury misconduct, by a note from the jurors stating that "one of the jurors drove by the scene during lunch and brought it up during deliberation." Instead of using this opportunity to cure the misconduct by giving an instruction not to consider any "other evidence" received, the trial judge, according to undisputed testimony at the motion for new trial hearing, simply sent back word to continue deliberations. Furthermore, the trial judge's failure to notify appellant or his counsel of this communication with the jury, or to read it in open court, is in violation of article 36.27.

The fact that the foreman testified that his observation did not affect his verdict has no bearing. The controlling factor is the character of the evidence in light of the issues, not the effect of such evidence on the jurors. *Garza,* 630 S.W.2d at 274. The court will not speculate on the probable effect. *Id.* at 275. Once it is established that other evidence was received and that such evidence was adverse to appellant, rule 30 requires reversal. There is no requirement that appellant show harm. *Id.*

The evidence received by the foreman that the eyewitness's view was not restricted by the trees on the vacant lot went to the central issue in the case, i.e., the ability of the eyewitness to see appellant break into the store. In *Rogers,* where the victim's identification of the defendant was the key issue, the conviction was reversed based on a statement by a juror that he

was a victim of an armed robbery and could identify the perpetrator within three years. 551 S.W.2d at 370.

We find that the foreman's observation that the eyewitness's view was not restricted by trees on the vacant lot constitutes the receipt of "other evidence" and that this evidence was adverse to appellant. In the absence of an instruction not to consider the evidence, particularly by the trial judge upon notification of the misconduct, we hold that the trial court's denial of appellant's motion for new trial was an abuse of discretion. Point of error one is sustained.

Having sustained point of error one, we need not address whether the instruction given by the court to continue deliberation, upon notice of jury misconduct, constituted an additional instruction "upon the law or some phase of the case", so as to render noncompliance with article 36.27 an independent ground for mandatory reversible error. See Rodriguez v. State, 625 S.W.2d 101, 102 (Tex.App.—San Antonio 1981, pet. ref'd).

The judgment of the trial court is reversed, and this cause is remanded for a new trial.