TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00524-CR


NO. 03-97-00753-CR






Andre Carroll, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NOS. 0961376 & 0961377, HONORABLE JON N. WISSER, JUDGE PRESIDING






 After finding appellant guilty of two offenses of aggravated robbery, Tex. Penal
Code Ann. § 29.03 (West 1994), the jury assessed punishment at twelve years' confinement in
each cause and a fine of $10,000 in the latter cause. Appellant asserts five points of error,
contending that error occurred in the trial court as a result of: (1) the trial court's denial of
appellant's motion for new trial; (2) appellant's ineffective counsel's failure to object to an
inadmissible photograph; (3) the trial court's failure to grant a motion for mistrial as the result of
the prosecutor's question; (4) appellant's ineffective trial counsel's failure to object to the
prosecutor's comment on appellant's failure to testify; and (5) the admission of evidence of
appellant's membership in a gang. We will sustain appellant's first point of error and reverse the
conviction.


 In his first point of error, appellant complains about the trial court's failure to grant
a new trial based upon the jury having received additional detrimental evidence after retiring to
deliberate at the guilt-innocence stage of the trial. Two exhibits that consisted of photographic 
arrays mounted on manila file folders were among the exhibits taken to the jury room. Juror
David Eddy testified at the motion for new trial that one of the jurors opened one of the files and
found that there were corresponding profile photos. Eddy stated that the photograph inside the
folder appeared to be a "mug shot -- a photograph that would [be] taken upon arresting or
booking" of appellant. It was Eddy's belief that all of the jurors knew about the photographs. 
Since the mug shots showed "a date in the summer of 1995," Eddy concluded that the offense was
not connected with appellant's instant offenses that were committed on March 6, 1996. Juror Will
Leon's testimony at the motion for new trial supports that of juror Eddy on all of the material
facts. Leon concluded from the 1995 mug shot that appellant "was arrested for something -- in
1995." Like Eddy, Leon testified that there was "nothing spoken of any previous arrests" during
trial.

 Appellant relies on Texas Rule of Appellate Procedure 21.3(f) in urging that the
jury received other evidence that was detrimental to appellant. Rule 21.3(f) provides that a
defendant must be granted a new trial "when, after retiring to deliberate, the jury has received
other evidence." In such cases, it must be shown that "'other evidence' was actually received by
the jury; and that such evidence was detrimental to the [defendant]." See Reed v. State, 841
S.W.2d 55, 59 (Tex. App.--El Paso 1992, pet. ref'd). The effect of the evidence on the jury is
not a consideration; the controlling factor is the character of the evidence in light of the issues
before the jury. Id. Unlike Reed, there is no conflicting evidence in the instant cause about the
jury receiving "other evidence" during its deliberations. 

 In the Matter of M. A. F., (1) the Texas Supreme Court stated that if the character of
the evidence is such that it would be detrimental to the accused, the presumption of injury will
obtain, and it is unnecessary for the accused to prove that the jurors' votes were influenced by the
improper evidence. 966 S.W.2d at 450. Reversal was ordered in M. A. F. as a result of the jury
receiving evidence after retiring to deliberate that a marihuana cigarette was discovered in the
juvenile's jacket. M. A. F. cited the following instances in which new matters found to be
detrimental to the accused were injected for the first time during jury deliberations:


Bearden v. State, 648 S.W.2d 688, 692 (Tex. Crim. App. 1983) (a juror
commented on the alcohol service policies of a defendant nightclub); Alexander v.
State, 610 S.W.2d 750, 752 (Tex. Crim. App. 1981) (juror stated during
deliberations that he knew the accused and that "his character was bad"); Hunt v.
State, 603 S.W.2d 865, 868-69 (Tex. Crim. App. 1980) (juror speculated on
details of murder based on his Marine Corps training); Stephenson v. State, 571
S.W.2d 174, 176 (Tex. Crim. App. 1978) (juror claimed to know facts personally,
and other jurors claimed to have personal knowledge that some of the witnesses
was not truthful); Shivers v. State, 756 S.W.2d 442, 443-44 (Tex. App.--Houston
[1st Dist.] 1988, no pet.) (jury foreman drove to the crime scene during jury
deliberations and reported to the jury that eyewitness's view was not obstructed by
tree).



Id. at 450-51.


 The State urges that since M. A. F. was a juvenile case, the error in the instant
cause should be subjected to the harm analysis applicable to criminal cases contained in Texas Rule
of Appellate Procedure 44.2. We note that the Supreme Court stated that in light of the quasi-criminal nature of juvenile cases the rule governing criminal cases should apply and concluded that
the injection of "new evidence" detrimental to the accused mandates a new trial. Id. at 451. In
the instant cause, the jury received other uncontroverted evidence that was of a character to be
detrimental to appellant, a "mug shot" that was not connected with this cause. Accordingly, Rule
21.3(f) mandates a new trial.

 Assuming the constitutional harmless error analysis applies, we must reverse unless
we determine beyond a reasonable doubt that the error did not contributed to the conviction or the
punishment. See Tex. R. App. P. 44.2(a). The State suggests that the error was harmless
because: (1) there was evidence admitted during trial that appellant had used marihuana; and (2)
the fact that appellant had not been in jail following the date of the "mug shot" indicated that he
had not been arrested for a serious crime.

 During the trial, no evidence was adduced to show that appellant had any criminal
record. The State's principal witness was a co-defendant who had another charge pending against
him. His testimony was controverted by another accomplice witness. Under the circumstances,
we are unable to determine beyond a reasonable doubt that the error did not contribute to the
conviction or the punishment. Appellant's first point off error is sustained.


 The judgments of conviction are reversed and the causes remanded.



 

 Tom G. Davis, Justice

Before Justices B. A. Smith, Yeakel and Davis*

Reversed and Remanded on Both Causes

Filed: February 11, 1999

Publish























* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. 966 S.W.2d 448 (Tex. 1998).



S.W.2d 688, 692 (Tex. Crim. App. 1983) (a juror
commented on the alcohol service policies of a defendant nightclub); Alexander v.
State, 610 S.W.2d 750, 752 (Tex. Crim. App. 1981) (juror stated during
deliberations that he knew the accused and that "his character was bad"); Hunt v.
State, 603 S.W.2d 865, 868-69 (Tex. Crim. App. 1980) (juror speculated on
details of murder based on his Marine Corps training); Stephenson v. State, 571
S.W.2d 174, 176 (Tex. Crim. App. 1978) (juror claimed to know facts personally,
and other jurors claimed to have personal knowledge that some of the witnesses
was not truthful); Shivers v. State, 756 S.W.2d 442, 443-44 (Tex. App.--Houston
[1st Dist.] 1988, no pet.) (jury foreman drove to the crime scene during jury
deliberations and reported to the jury that eyewitness's view was not obstructed by
tree).



Id. at 450-51.


 The State urges that since M. A. F. was a juvenile case, the error in the instant
cause should be subjected to the harm analysis applicable to criminal cases contained in Texas Rule
of Appellate Procedure 44.2. We note that the Supreme Court stated that in light of the quasi-criminal nature of juvenile cases the rule governing criminal cases should apply and concluded that
the injection of "new evidence" detrimental to the accused mandates a new trial. Id. at 451. In
the instant cause, the jury received other uncontroverted evidence that was of a character to be
detrimental to appellant, a "mug shot" that was not connected with this cause. Accordingly, Rule
21.3(f) mandates a new trial.

 Assuming the constitutional harmless error analysis applies, we must reverse unless
we determine beyond a reasonable doubt that the error did not contributed to the conviction or the
punishment. See Tex. R. App. P. 44.2(a). The State suggests that the error was harmless
because: (1) there was evidence admitted during trial that appellant had used marihuana; and (2)
the fact that appellant had not been in jail following the date of the "mug shot" indicated that he
had not been arrested for a serious crime.

 During the trial, no evidence was adduced to show that appellant had any criminal
record. The State's principal witness was a co-defendant who had another charge pending against
him. His testimony was controverted by another accomplice witness. Under the circumstances,
we are unable to determine beyond a reasonable doubt that the error did not contribute to the
conviction or the punishment. Appellant's first point off error is sustained.


 The judgments of conviction are reversed and the causes remanded.



 

 Tom G. Davis, Justice

Before Justices B. A. Smith, Yeakel and Davis*

Reversed and Remanded on Both Causes

Filed: February 11, 1999

Publish