Andre CARROLL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 03–97–00524–CR, 03–97–00753–CR.

Court of Appeals of Texas,
Austin.

Feb. 11, 1999.

Don Morehart, Law Office of Don More-hart, Austin, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., Asst. Dist. Atty., Austin, for State.

Before Justices B.A. SMITH, YEAKEL and DAVIS.*

TOM G. DAVIS, Justice (Retired).

After finding appellant guilty of two offenses of aggravated robbery, Tex. Penal Code Ann. § 29.03 (West 1994), the jury assessed punishment at twelve years' confinement in each cause and a fine of $10,-000 in the latter cause. Appellant asserts five points of error, contending that error occurred in the trial court as a result of: (1) the trial court's denial of appellant's motion for new trial; (2) appellant's ineffective counsel's failure to object to an inadmissible photograph; (3) the trial court's failure to grant a motion for mistrial as the result of the prosecutor's question; (4) appellant's ineffective trial counsel's failure to object to the prosecutor's comment on appellant's failure to testify; and (5) the admission of evidence of appellant's membership in a gang. We will sustain appellant's first point of error and reverse the conviction.

In his first point of error, appellant complains about the trial court's failure to grant a new trial based upon the jury having received additional detrimental evidence after retiring to deliberate at the guilt-innocence stage of the trial. Two exhibits that consisted of photographic ar-

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See*

Tex. Gov't Code Ann. § 74.003(b) (West 1998).

rays mounted on manila file folders were among the exhibits taken to the jury room. Juror David Eddy testified at the motion for new trial that one of the jurors opened one of the files and found that there were corresponding profile photos. Eddy stated that the photograph inside the folder appeared to be a "mug shot—a photograph that would [be] taken upon arresting or booking" of appellant. It was Eddy's belief that all of the jurors knew about the photographs. Since the mug shots showed "a date in the summer of 1995," Eddy concluded that the offense was not connected with appellant's instant offenses that were committed on March 6, 1996. Juror Will Leon's testimony at the motion for new trial supports that of juror Eddy on all of the material facts. Leon concluded from the 1995 mug shot that appellant "was arrested for something—in 1995." Like Eddy, Leon testified that there was "nothing spoken of any previous arrests" during trial.

■ Appellant relies on Texas Rule of Appellate Procedure 21.3(f) in urging that the jury received other evidence that was detrimental to appellant. Rule 21.3(f) provides that a defendant must be granted a new trial "when, after retiring to deliberate, the jury has received other evidence." In such cases, it must be shown that " 'other evidence' was actually received by the jury; and that such evidence was detrimental to the [defendant]." *See Reed v. State,* 841 S.W.2d 55, 59 (Tex.App.—El Paso 1992, pet. ref'd). The effect of the evidence on the jury is not a consideration; the controlling factor is the character of the evidence in light of the issues before the jury. *Id.* Unlike *Reed,* there is no conflicting evidence in the instant cause about the jury receiving "other evidence" during its deliberations.

*In the Matter of M.A. F.,*[1] the Texas Supreme Court stated that if the character of the evidence is such that it would be detrimental to the accused, the presumption of injury will obtain, and it is unneces-

sary for the accused to prove that the jurors' votes were influenced by the improper evidence. 966 S.W.2d at 450. Reversal was ordered in *M.A.F.* as a result of the jury receiving evidence after retiring to deliberate that a marihuana cigarette was discovered in the juvenile's jacket. *M.A.F.* cited the following instances in which new matters found to be detrimental to the accused were injected for the first time during jury deliberations:

> *Bearden v. State,* 648 S.W.2d 688, 692 (Tex.Crim.App.1983) (a juror commented on the alcohol service policies of a defendant nightclub); *Alexander v. State,* 610 S.W.2d 750, 752 (Tex.Crim. App.1981) (juror stated during deliberations that he knew the accused and that "his character was bad"); *Hunt v. State,* 603 S.W.2d 865, 868–69 (Tex.Crim.App. 1980) (juror speculated on details of murder based on his Marine Corps training); *Stephenson v. State,* 571 S.W.2d 174, 176 (Tex.Crim.App.1978) (juror claimed to know facts personally, and other jurors claimed to have personal knowledge that some of the witnesses was not truthful); *Shivers v. State,* 756 S.W.2d 442, 443–44 (Tex.App.—Houston [1st Dist.] 1988, no pet.) (jury foreman drove to the crime scene during jury deliberations and reported to the jury that eyewitness's view was not obstructed by tree).

*Id.* at 450–51.

The State urges that since *M.A.F.* was a juvenile case, the error in the instant cause should be subjected to the harm analysis applicable to criminal cases contained in Texas Rule of Appellate Procedure 44.2. We note that the Supreme Court stated that in light of the quasi-criminal nature of juvenile cases the rule governing criminal cases should apply and concluded that the injection of "new evidence" detrimental to the accused mandates a new trial. *Id.* at 451. In the instant cause, the jury received other uncontroverted evidence that

---

1. 966 S.W.2d 448 (Tex.1998).

was of a character to be detrimental to appellant, a "mug shot" that was not connected with this cause. Accordingly, Rule 21.3(f) mandates a new trial.

Assuming the constitutional harmless error analysis applies, we must reverse unless we determine beyond a reasonable doubt that the error did not contributed to the conviction or the punishment. *See* Tex.R.App. P. 44.2(a). The State suggests that the error was harmless because: (1) there was evidence admitted during trial that appellant had used marihuana; and (2) the fact that appellant had not been in jail following the date of the "mug shot" indicated that he had not been arrested for a serious crime.

During the trial, no evidence was adduced to show that appellant had any criminal record. The State's principal witness was a co-defendant who had another charge pending against him. His testimony was controverted by another accomplice witness. Under the circumstances, we are unable to determine beyond a reasonable doubt that the error did not contribute to the conviction or the punishment. Appellant's first point off error is sustained.

The judgments of conviction are reversed and the causes remanded.