Johnny GIBSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–99–00483–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 24, 2000.

James L. Mount, Houston, for appellants.

Rikke Burke Graber, Houston, for appellees.

Panel consists of Justices ANDERSON, FROST, and LEE.*

---

* Senior Justice Norman R. Lee sitting by assignment.

## OPINION

KEM THOMPSON FROST, Justice.

In this case, we address the showing a defendant must make under Texas Rule of Appellate Procedure 21.3(f) to be entitled to a new trial based on the jury's receipt of "other evidence" after retiring to deliberate.

### INTRODUCTION

Appellant, Johnny Gibson, was charged by indictment with aggravated robbery. A jury found him guilty, found two enhancement allegations true, and assessed punishment at confinement for life. The Eighth Court of Appeals reversed appellant's conviction and remanded the case for a new trial. In his second trial, appellant pled guilty to the charge and pled true to two enhancement allegations. At the punishment phase, a jury assessed punishment at sixty years' confinement in the Texas Department of Criminal Justice, Institutional Division. In his sole point of error, appellant claims the trial court erred in overruling his motion for new trial because, after retiring to deliberate, the jury received a document adverse to him, which was not admitted into evidence at trial. We affirm the decision of the trial court.

### FACTUAL BACKGROUND

At around 5:15 a.m. on May 31, 1994, appellant went to the Gerland's supermarket located at 7425 Airline, in Houston. After asking the night manager where "Magic Shave" powder and pain relievers were located, appellant retrieved those items from the store shelf and went to a cashier. As the cashier was ringing up his purchases, appellant pulled out a gun and demanded money. With the cash in hand, appellant led the night manager out of the store at gunpoint. Once outside, appellant fled. The night manager then ran back inside the store and locked the doors.

At trial, the state presented evidence of the following extraneous offenses, all of

which related to other area grocery store robberies:

(1) *Gerland's Supermarket (Katy Freeway).* Galileo Argueta, a floor cleaner for Gerland's supermarket located at 20051 Katy Freeway, testified that he saw appellant at about 5:00 a.m., on May 9, 1994, take something from the shelf, walk up and point a gun at the cashier. The cashier put some money in a bag and gave it to appellant, who then left the store.

(2) *Kroger Grocery Store (Bellaire).* Todd Morrical, a manager of a Kroger grocery store, located at 13210 Bellaire, testified that appellant and another man arrived at that store between 6:00 a.m. and 6:30 a.m. on June 2, 1994. They asked the manager where they could find "Magic Shave." The store was out of that product so the men selected other items and went to a cashier. At the cash register, the man with appellant pulled out a gun and demanded and received money from the cashier. The man with the gun ran out of the store, and appellant followed a short time later.

(3) *Kroger Grocery Store (Fuqua).* Arthur Delagarza, a stocker at the Kroger grocery store located at 10998 Fuqua, testified that on June 3, 1994, he saw appellant at checker Patricia Washington's register. Shortly thereafter, the checker ran up to him and informed him that she had been robbed.

Appellant admitted that he was convicted of robbing the Kroger store on Fuqua on June 3, 1994. He testified that he sat in the car while his co-defendant went inside and robbed the store. Immediately following that robbery, the League City police apprehended appellant in a high speed chase on Interstate–45. When questioned by the police after his arrest, appellant admitted to his involvement in all four of the grocery store robberies.

After the jury had retired to deliberate, the prosecutor and court reporter discovered that a document that had not been admitted into evidence had found its way into the stack of trial exhibits placed in the jury room. This document remained in the jury room, accessible to the members of the jury, during the first hour of the jury's deliberations. Once the error was discovered, the trial court ordered the document removed from the stack of exhibits. The following day, without comment to the jury, the exhibits were again placed in the jury room. The jury noticed the absence of the item that had been removed and sent out a note inquiring about it. The trial judge advised the jury that the item was not evidence and had been inadvertently included. The trial court instructed the jury to base its verdict on the evidence. After further deliberations, the jury returned a guilty verdict.

The appellant moved for a new trial on the grounds that the jury had received a document that had not been admitted into evidence. The trial court denied appellant's motion for new trial.

## STANDARD OF REVIEW

■ In considering the denial of a motion for new trial on appeal, we review the trial court's decision for an abuse of discretion. *See Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App.1995). We do not substitute our judgment for that of the trial court; rather, we consider whether the trial court's decision was arbitrary or unreasonable. *See id.* We will not disturb the trial court's ruling absent an abuse of discretion.

## TEXAS RULE OF APPELLATE PROCEDURE 21.3(f)

■ In his sole point of error, appellant contends the trial court erred in failing to grant him a new trial because the jury received "other evidence" adverse to him during its deliberations. *See* TEX.R.APP. P. 21.3(f). Under Rule 21.3(f), a defendant

must be provided a new trial when "after retiring to deliberate, the jury has *received* other evidence...." *Id.* (emphasis added).[1] To obtain relief under this rule, the uncontroverted evidence must show not only that the jury "received" other evidence, but also that the "other evidence" was detrimental to the defendant. *See Stephenson v. State,* 571 S.W.2d 174, 176 (Tex.Crim.App.1978) (interpreting Rule 40.03(7) of the Texas Code of Criminal Procedure); *Carroll v. State,* 990 S.W.2d 761, 762 (Tex.App.—Austin 1999, no pet.); *Avalos v. State,* 850 S.W.2d 781, 783 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (interpreting Rule 30(b)(7) of the Texas Rules of Appellate Procedure).

█ The "other evidence" at issue in this case is a police offense report from the League City Police Department made in connection with the June 3rd robbery of the Kroger store on Fuqua. This document was not admitted into evidence at trial but was in the jury room after the jury retired to deliberate. The pivotal issue is whether the evidence was "received" within the meaning of Rule 21.3(f). In his motion for new trial, appellant relied solely on: (1) the fact that the record shows that an offense report describing the June 3rd Kroger robbery was inadvertently sent into the jury room on the first day of deliberations, and (2) the prosecutor's statements at the hearing on his motion for new trial acknowledging this fact.

The uncontroverted evidence shows the following facts: The June 3rd offense report was in the jury room for approximately one hour before the jury recessed for the day on the first day of jury deliberations. When the court reporter retrieved the evidence for safekeeping at the close of the day, the prosecutor and she noticed the police report on the top of the stack of items. The next morning, the evidence was returned to the jury, but the June 3rd offense report was not included. After

commencing deliberations, the jury sent out a note asking two questions, one of which read:

"Yesterday afternoon we had a hand written police report from the League City Police Dept. It had a fax cover w/picture of fax machine."

The trial judge responded to the note, stating:

"The item you received that you refer to was inadvertently submitted, and is not evidence. Base your verdict on the evidence in exhibits admitted and oral testimony from the witness stand."

The note does not reflect that the jury looked at anything other than the fax cover page of the twenty-page report. Although the jury's note indicated an awareness of the nature of the document (i.e., it was a "police report"), nothing in the record shows any awareness of the contents of the report on the part of any member of the jury. The prosecutor's statements at the hearing on the motion for new trial merely established that the offense report was sent into the jury room, a fact which is not in dispute.

While there appear to be no cases that address this particular situation, we have considered two other cases in which tangible items that were not in evidence were "received" by the jury. In a recent case from the Third Court of Appeals, one juror found a photograph that was not in evidence inside a manila folder on which a photographic array was mounted. *See Carroll,* 990 S.W.2d at 762. The photograph appeared to be a "mug shot," the type of photograph that would be taken at an arrest or booking. *See id.* Two jurors testified that they looked at the photograph; one of the two stated that he thought all the jurors knew about the photograph. *See id.* Both jurors testified that previous arrests were not mentioned during trial. *See id.* The appellate court

---

**1.** This subsection of the rule provides the same protection as its predecessor rules, Rule 30(b)(7) of the Texas Rules of Appellate Proce-

dure and Rule 40.03(7) of the Texas Code of Criminal Procedure.

found there was no conflicting evidence about whether the jury received other evidence during its deliberations. *See id.*

The Texas Supreme Court addressed a similar issue in a recent juvenile case in which a juror found a marijuana cigarette that had not been admitted into evidence inside the defendant's jacket that had been admitted into evidence. *See In the Matter of M.A.F.*, 966 S.W.2d 448, 449 (Tex.1998). The jury notified the trial court of its discovery, but the court did not give the jury any instructions. *See id.* The state conceded the evidence (the marijuana cigarette) was "received." *See id.* at 450.

■ In both of these cases, even a cursory glance at the non-admitted item (i.e., a photograph or a marijuana cigarette) would reveal the new information it contained. The same cannot be said of a lengthy written document, the nature and significance of which can only become apparent from reading it. Evidence that the jury was aware of the presence of a handwritten police report from the League City Police Department that was concealed by a fax transmittal page does not show that the jury actually reviewed or considered the contents of the twenty-page document and thereby "received" any new information.[2]

■ This situation is similar to one in which a passing remark is made in the presence of a juror. In such situations, in which the "other evidence" is conveyed verbally, courts have held that passing remarks which are not considered by the jury in reaching the verdict are not received by the jury. *See Stephenson*, 571 S.W.2d at 176; *Saenz v. State*, 976 S.W.2d 314, 322 (Tex.App.—Corpus Christi 1998, no pet.); *Toy v. State*, 855 S.W.2d 153, 160 (Tex.App.—Houston [14th Dist.] 1993, no pet.). Merely mentioning "other evidence"

during deliberations does not necessitate a new trial, especially when such comments are immediately followed by admonitions and instructions not to consider or receive the other evidence. *See Reed v. State*, 841 S.W.2d 55, 60 (Tex.App.—El Paso 1992, pet. ref'd) (citing *Eckert v. State*, 623 S.W.2d 359, 365 (Tex.Crim.App.1981); *Stephenson*, 571 S.W.2d at 176; *Broussard v. State*, 505 S.W.2d 282, 285 (Tex.Crim.App. 1974)). Here, the trial court specifically instructed the jury to base its verdict on the evidence in the admitted exhibits and oral testimony presented at trial. In the absence of evidence indicating the members of the jury failed to do so, we presume they followed the instructions of the trial court. *See, e.g., Blondett v. State*, 921 S.W.2d 469, 474 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd) (citing *Rose v. State*, 752 S.W.2d 529, 554 (Tex.Crim.App.1987)); *see also Colburn v. State*, 966 S.W.2d 511, 520 (Tex.Crim.App.1998) (presuming the jury generally follows the trial court's instruction unless appellant presents evidence to rebut presumption).

■ In order to demonstrate entitlement to a new trial under Rule 21.3(f), it was incumbent upon appellant to show that the jury was actually aware of the "other evidence." The fact that the police report was in the jury room for approximately an hour does not automatically establish that the evidence in the document was "received" by the jury. Mere physical receipt of "other evidence" when the "other evidence" is a lengthy written report, obscured by a fax cover page, will not show that the jury "received" the evidence. There must be *something* in the record to indicate the jury viewed the contents of the document and received the information it contained. Because appellant presented no evidence to show the jury actually

---

2. Merely seeing a police report, even absent evidence of awareness of what it contained, might show receipt if the jury is not aware that the defendant has a criminal record. In such a case, the jury might surmise that the defendant had a prior criminal record. How-

ever, in this case, the jury was aware that appellant had committed three other robberies and that he was apprehended by the League City Police Department for the offense on June 3rd.

viewed or was aware of the contents of the June 3rd police report or considered it in reaching the verdict, and because the trial court immediately instructed the jury not to consider or receive the report, we cannot find that the jury "received" the offense report as that term is used in Rule 21.3(f). Accordingly, we overrule appellant's sole point of error.

Having determined that appellant failed to show that the jury "received" other evidence after retiring to deliberate, we find appellant did not demonstrate grounds for a new trial under Rule 21.3(f). Accordingly, the trial court did not abuse its discretion in denying appellant's motion for new trial.[3]

We overrule appellant's sole point of error and affirm the judgment of the trial court.

---

3. Given this ruling, it is unnecessary for us to reach the second prong of the "other evidence" analysis, i.e., whether the evidence received was detrimental.