NO. 07-00-0029-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 21, 2003

_____

FRANCISCO SANCHEZ MOLINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY;

NO. F-9901481-SK; HONORABLE JOHN C. CREUZOT, JUDGE

_____

MEMORANDUM OPINION

_____

Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J.[1]

In one issue, appellant Francisco Sanchez Molina challenges his conviction of

aggravated robbery and the resulting sentence of ten years confinement in the Institutional

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

Division of the Department of Criminal Justice and a fine of $2,500. In his issue, appellant contends the trial judge erred in failing to grant him a new trial for the reason that the trial jury received other evidence detrimental to him after the jury had retired to consider its verdict. Agreeing, we reverse the judgment and remand the cause to the trial court.

The nature of appellant's challenge does not require a detailed recitation of the trial evidence. Suffice it to say, appellant was charged with participating in a robbery at his place of employment and holding himself out as a victim of the offense. At trial, the State presented witnesses who averred that appellant had sold them a handgun that had been taken during the robbery. After its verdict of guilty, the jury assessed appellant's punishment as stated above.

Appellant's challenge arises from events that took place at the conclusion of the trial. During the trial, the defense had police reports marked for identification, but they were never received into evidence. Through oversight, the exhibits were provided to the jury when it retired to deliberate. The error was discovered during the deliberations and the trial judge recalled the jury and admonished them not to consider anything they may have seen in the exhibits. The court's exact instructions were:

> It's come to my attention that you all got some documents that you weren't supposed to have. I don't know if you've looked at them - you probably have to some extent looked at some of them and that poses a real big problem, quite frankly. There were investigative reports and some police reports and what have you, you shouldn't have gotten those because they were marked but not offered into evidence. And it's our mistake that you got them, okay. So if you've read any of this, or whatever you did read, you need to disregard it completely, one hundred percent. If you've talked about it, don't

2

talk about it anymore. Don't give it any consideration. This stuff was not offered into evidence, period. You make your decision based on what you heard here in this courtroom and the law that I gave you; just that. Is everybody clear?

Okay. Also, this personnel file, I don't even know what's in it but it's got all kinds of paperwork in it. If you looked at that, too, disregard that. This stuff was not offered into evidence, okay. . . . Is everybody clear? Okay. Thank you.

After the jury returned to the jury room, appellant moved for a mistrial, which was denied. After the jury returned its guilty verdict and the punishment hearing concluded, judgment was entered on September 9, 1999.

On September 24, 1999, appellant filed a motion seeking a new trial on the basis that the jury received other evidence after retiring to consider its verdict and for jury misconduct. Appellant attached a juror's affidavit to the motion in which she stated:

During the punishment phase of the trial a comment was made by one juror that the reports they read mentioned drug use and prostitution. Another juror immediately responded that this information had to do with other people and not the defendant. The first juror then made a statement that the defendant did not associate with good people.

The record does not show a ruling on this motion and we presume it was overruled by operation of law. Tex. R. App. P. 21.8.

Ordinarily, the grant or refusal of a motion for new trial is committed to the discretion of the trial court. *See, e.g., Keeter v. State*, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002). However, Texas Rule of Appellate Procedure 21.3(f) provides that a defendant must be

3

granted a new trial when, after retiring to deliberate, the jury has received other evidence. To be entitled to a new trial under this provision, the movant for new trial must show both: 1) the jury received other evidence, and 2) the evidence was detrimental. *Stephenson v. State*, 571 S.W.2d 174, 176 (Tex. Crim. App. 1978). At a hearing on a motion for new trial, the trial court is the trier of fact. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). Whether the jury actually received other evidence is a fact question to be decided by the court, *Guice v. State*, 900 S.W.2d 387, 389 (Tex. App.–Texarkana 1995, pet. ref'd), and its resolution of conflicting evidence will not be an abuse of discretion. *Tollett v. State*, 799 S.W.2d 256, 259 (Tex. Crim. App. 1990). However, if there is no fact issue that the jury received other evidence, and the evidence was adverse to the defendant, reversal is required. *Rogers v. State*, 551 S.W.2d 369, 370 (Tex. Crim. App. 1977); Tex. R. App. P. 21.3(f).

The State does not dispute that unadmitted exhibits were sent to the jury room when the jury began their deliberations. It initially argues that whether the jury "received" the evidence is a fact question for the trial court. It also argues that there was no evidence that the jury failed to follow the court's instruction to disregard the evidence. However, the record does not support these arguments. We agree that the mere presence of the exhibits in the jury room does not necessarily mean that they were "received" within the meaning of Rule 21.3(f). *See Gibson v. State*, 29 S.W.3d 221 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). However, here, the affidavit of a member of the jury that the contents of those exhibits were discussed at the punishment phase is evidence that the

4

members of the jury had seen the exhibits and were aware of their contents. That evidence distinguishes the facts of this case from those before the court in *Gibson, supra* (denial of new trial affirmed when there was no evidence jurors were aware of the contents of improper exhibits). Because there is no evidence contradicting the juror's affidavit, no factual dispute in that regard was presented for the trial court's resolution.

In support of its position that we must presume the jury followed the trial court's instruction to disregard, the State cites *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998), and *Lincicome v. State*, 3 S.W.3d 644, 647 (Tex. App.–Amarillo 1999, no pet.). However, those cases are distinguishable. In neither case was there additional evidence received after the jury's deliberations had begun. In each of the cases, the challenge was based upon evidence that the jury was considering impermissible factors related to the assessment of punishment. In this case, to presume that a limiting instruction cures any error would require us to disregard the holding in *Rogers v. State, supra. See also Alexander v. State*, 610 S.W.2d 750, 753 (Tex. Crim. App. 1980); and *State v. Scott,* 819 S.W.2d 169, 170 (Tex. App.–Tyler 1991, pet. ref'd) (both holding law is well settled that if adverse evidence is received by jury during deliberations, the courts will not speculate as to its probable effect).

Additionally, even if the trial court's instruction could have cured the error originally, the uncontroverted affidavit showing the contents of the improper exhibits were discussed at punishment is evidence that the jury did not follow the court's prior instruction to wholly disregard the exhibits. Parenthetically, the State did not challenge this evidence.

5

The State next argues that the comments made by jurors at the punishment phase were not "other evidence," but were simply "passing remarks" that would not require a new trial. *See Stephenson v. State*, 571 S.W.2d at 176; *Broussard v. State*, 505 S.W.2d 282, 285 (Tex. Crim. App. 1974). However, appellant does not contend that the jurors' *comments* at punishment were the "other evidence" prohibited by Rule 21.3[2] In this case, the jurors' statements were merely evidence that 1) the jurors were aware of the contents of the unadmitted exhibits, and 2) the jurors had not followed the trial court's prior instruction to disregard the exhibits. Under this record, appellant established that the jury received other evidence within the meaning of Rule 21.3(f) after their deliberations had begun.

The exhibits in question are not a part of the record on appeal. The juror's affidavit set out above is the only evidence by which we can evaluate whether it was adverse to appellant. The affidavit shows that at least one exhibit connected appellant with drug use and prostitution. The unnamed juror's comment that this showed appellant "did not associate with good people" is sufficient to show the evidence was adverse to appellant. Because appellant established both elements necessary to show his entitlement to a new trial under Rule 21.3(f), we must, and do, sustain his issue.

Accordingly, the judgment of the trial court is reversed and the cause remanded to that court for retrial.

---

[2]Comments by jurors can be other evidence in some circumstances. *See Bearden v. State*, 648 S.W.2d 688, 692 (Tex. Crim. App. 1983).

John T. Boyd
Senior Justice

Johnson, J., concurs.

Do not publish.

NO. 07-00-0029-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 21, 2003

_____

FRANCISCO SANCHEZ MOLINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY;

NO. F-9901481-SK; HONORABLE JOHN C. CREUZOT, JUDGE

_____

Before JOHNSON, C.J., REAVIS, J. AND BOYD, S.J.[3]

CONCURRING OPINION

I concur with the majority based on Rogers v. State, 551 S.W.2d 369 (Tex.Crim.App. 1977), and its progeny.

_____

[3]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

The State asserts that a harm analysis pursuant to Tᴇx. R. Aᴘᴘ. P. 44.2. should be applied to the alleged error by the trial court in failing to grant a new trial.  But for the rule explicated by Rogers, I would agree with the State.

The Court of Criminal Appeals has stated that except for certain federal constitutional errors labeled by the United States Supreme Court as "structural," errors are not immune from harmless error analysis.  See Cain v. State, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997).  As an intermediate court, however, we properly defer to the Court of Criminal Appeals to modify the standard by which we review the effect of "other evidence" received by the jury from that explicated by Rogers, should the Court of Criminal Appeals choose to do so.

Phil Johnson
Chief Justice

Do not publish.