FRY V. STATE

NO. 07-08-0245-CR
NO. 07-08-0246-CR
NO. 07-08-0247-CR
NO. 07-08-0248-CR
NO. 07-08-0249-CR
NO. 07-08-0250-CR
NO. 07-08-0251-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 24, 2008
______________________________

JOHN PAUL ORTEGA, JR.,

                                                                                                 Appellant

v.

THE STATE OF TEXAS,

                                                                                                 Appellee
_________________________________

FROM THE 108th DISTRICT COURT OF POTTER COUNTY;

NOS. 52,879-E, 54,034-E, 54,569-E, 54,570-E, 54,571-E, 54,863-E, 55,917-E;
HON. ABE LOPEZ, PRESIDING
_______________________________

ORDER OF DISMISSAL
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Appellant, John Paul Ortega, Jr., appeals his convictions for possession of a
controlled substance, cruelty to animals, aggravated assault against a public servant (2),
robbery, aggravated assault with a deadly weapon and sexual assault of a child. The
certification of right to appeal in each case executed by the trial court states that this “is a
plea bargain case and the defendant has no right of appeal.” This circumstance was
brought to the attention of appellant, who is acting pro se, and opportunity was granted him
to obtain an amended certification entitling appellant to appeal each case. No such
certification was received within the time we allotted. However, appellant filed a motion
requesting that counsel be appointed. Having received no amended certification, we
dismiss the appeals per Texas Rule of Appellate Procedure 25.2(d). Accordingly,
appellant’s motion for appointed counsel is denied as moot.
          
                                                                                      Per Curiam

Do not publish.

does not dispute that unadmitted exhibits were sent to the jury room when
the jury began their deliberations. It initially argues that whether the jury "received" the
evidence is a fact question for the trial court. It also argues that there was no evidence
that the jury failed to follow the court's instruction to disregard the evidence. However, the
record does not support these arguments. We agree that the mere presence of the
exhibits in the jury room does not necessarily mean that they were "received" within the
meaning of Rule 21.3(f). See Gibson v. State, 29 S.W.3d 221 (Tex. App.-Houston [14th
Dist.] 2000, pet. ref'd). However, here, the affidavit of a member of the jury that the
contents of those exhibits were discussed at the punishment phase is evidence that the
members of the jury had seen the exhibits and were aware of their contents. That
evidence distinguishes the facts of this case from those before the court in Gibson, supra
(denial of new trial affirmed when there was no evidence jurors were aware of the contents
of improper exhibits). Because there is no evidence contradicting the juror's affidavit, no
factual dispute in that regard was presented for the trial court's resolution.

 In support of its position that we must presume the jury followed the trial court's
instruction to disregard, the State cites Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim.
App. 1998), and Lincicome v. State, 3 S.W.3d 644, 647 (Tex. App.-Amarillo 1999, no pet.). 
However, those cases are distinguishable. In neither case was there additional evidence
received after the jury's deliberations had begun. In each of the cases, the challenge was
based upon evidence that the jury was considering impermissible factors related to the
assessment of punishment. In this case, to presume that a limiting instruction cures any
error would require us to disregard the holding in Rogers v. State, supra. See also
Alexander v. State, 610 S.W.2d 750, 753 (Tex. Crim. App. 1980); and State v. Scott, 819
S.W.2d 169, 170 (Tex. App.-Tyler 1991, pet. ref'd) (both holding law is well settled that
if adverse evidence is received by jury during deliberations, the courts will not speculate
as to its probable effect).

 Additionally, even if the trial court's instruction could have cured the error originally,
the uncontroverted affidavit showing the contents of the improper exhibits were discussed
at punishment is evidence that the jury did not follow the court's prior instruction to wholly
disregard the exhibits. Parenthetically, the State did not challenge this evidence.

 The State next argues that the comments made by jurors at the punishment phase
were not "other evidence," but were simply "passing remarks" that would not require a new
trial. See Stephenson v. State, 571 S.W.2d at 176; Broussard v. State, 505 S.W.2d 282,
285 (Tex. Crim. App. 1974). However, appellant does not contend that the jurors'
comments at punishment were the "other evidence" prohibited by Rule 21.3 (2) In this case,
the jurors' statements were merely evidence that 1) the jurors were aware of the contents
of the unadmitted exhibits, and 2) the jurors had not followed the trial court's prior
instruction to disregard the exhibits. Under this record, appellant established that the jury
received other evidence within the meaning of Rule 21.3(f) after their deliberations had
begun.

 The exhibits in question are not a part of the record on appeal. The juror's affidavit
set out above is the only evidence by which we can evaluate whether it was adverse to
appellant. The affidavit shows that at least one exhibit connected appellant with drug use
and prostitution. The unnamed juror's comment that this showed appellant "did not
associate with good people" is sufficient to show the evidence was adverse to appellant. 
Because appellant established both elements necessary to show his entitlement to a new
trial under Rule 21.3(f), we must, and do, sustain his issue.

 Accordingly, the judgment of the trial court is reversed and the cause remanded to
that court for retrial.

 John T. Boyd

 Senior Justice

Johnson, J., concurs.

Do not publish.

NO. 07-00-0029-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 21, 2003

______________________________

FRANCISCO SANCHEZ MOLINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY;

NO. F-9901481-SK; HONORABLE JOHN C. CREUZOT, JUDGE

_______________________________

Before JOHNSON, C.J., REAVIS, J. AND BOYD, S.J. (3)

CONCURRING OPINION

 I concur with the majority based on Rogers v. State, 551 S.W.2d 369 (Tex.Crim.App.
1977), and its progeny. 

 The State asserts that a harm analysis pursuant to Tex. R. App. P. 44.2. should be
applied to the alleged error by the trial court in failing to grant a new trial. But for the rule
explicated by Rogers, I would agree with the State. 

 The Court of Criminal Appeals has stated that except for certain federal
constitutional errors labeled by the United States Supreme Court as "structural," errors are
not immune from harmless error analysis. See Cain v. State, 947 S.W.2d 262, 264
(Tex.Crim.App. 1997). As an intermediate court, however, we properly defer to the Court
of Criminal Appeals to modify the standard by which we review the effect of "other
evidence" received by the jury from that explicated by Rogers, should the Court of Criminal
Appeals choose to do so.

 Phil Johnson

 Chief Justice

 

 

Do not publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. 75.002(a)(1) (Vernon Supp. 2002). 
2. Comments by jurors can be other evidence in some circumstances. See Bearden
v. State, 648 S.W.2d 688, 692 (Tex. Crim. App. 1983).
3. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.