Affirmed and Memorandum Opinion
filed December 14, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00946-CR



Charles Jerod
Bryant, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 338th District Court

Harris County, Texas

Trial Court
Cause No. 1236664



 

MEMORANDUM OPINION 

A jury convicted appellant Charles Jerod Bryant of
murder and assessed punishment at life imprisonment and a $10,000 fine. 
Appellant challenges his conviction on the single ground that the jury “received
other evidence” after retiring to deliberate, which would entitle him to a new
trial under Rule 21.3(f) of the Texas Rules of Appellate Procedure.  We affirm.

Background

During appellant’s trial, the State offered into
evidence Exhibit 48, which is a photograph showing a gunshot wound to the
victim’s head.  The photograph was taken during the victim’s autopsy and prior
to the body being cleaned.  Appellant objected on the ground that the
prejudicial nature of the photograph outweighed its probative value.  The trial
court suggested that the photograph would be redundant because the court had
already admitted a bloody photograph of the body and the State could offer a
“cleaned up” autopsy photograph of the gunshot wound.  Although the court did
not explicitly rule on appellant’s objection, the State said, “If that’s your
ruling, I understand.  Let me get the cleaned up photo.”  On appeal, the State
concedes that it “apparently withdrew Exhibit 48.”

While the jury was deliberating during the guilt–innocence
phase of appellant’s trial, it requested “all admitted evidence.”  The court
responded, “The evidence is attached,” and apparently provided all admitted
evidence to the jury.  Appellant was convicted, and he did not file a motion
for new trial.

Exhibit 48 was included in the appellate record, and
appellant now argues that this fact “proves” that the jury received other
evidence in violation of Rule 21.3(f) of the Texas Rules of Appellate
Procedure.

Analysis

Rule 21.3(f) requires that a criminal defendant be granted
a new trial “when, after  retiring to deliberate, the jury has received other
evidence.”  Tex. R. App. P. 21.3(f). 
For a defendant to obtain a new trial under this rule (1) the record must show
that the jury actually received other evidence, and (2) the character of the
evidence is such that it is detrimental or adverse to the defendant.  Bustamante
v. State, 106 S.W.3d 738, 743 (Tex. Crim. App. 2003); Gibson v. State,
29 S.W.3d 221, 224 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  The
“receipt” prong of the test requires an initial factual determination.  See
Woodall v. State, 77 S.W.3d 388, 392–93 (Tex. App.—Fort Worth 2002, pet.
ref’d); Dixon v. State, 64 S.W.3d 469, 475 (Tex. App.—Amarillo 2001, pet.
ref’d).  To show receipt, there “must be something in the record to
indicate the jury viewed” the evidence.  Gibson, 29 S.W.3d at 225.  And
even if the record shows that the jury viewed the evidence, a new trial is not
required if the jury was able to disregard the evidence.  See Bustamante,
106 S.W.3d at 743 (“In determining whether evidence was ‘received’ by the jury,
a court may consider how extensively the evidence was examined by the jury and
whether the jury was given an instruction to disregard.”); Woodall, 77
S.W.3d at 391–94 (affirming conviction despite six jurors testifying that they
viewed photographs not in evidence because all jurors testified that they did
not consider the photographs in reaching the verdict).

A defendant may adduce the facts necessary to show “receipt”
during a hearing on a motion for new trial.  Dixon, 64 S.W.3d at 474; see
Tex. R. App. P. 21.2 (“A motion
for new trial is a prerequisite to presenting a point of error on appeal only
when necessary to adduce facts not in the record.”); see also Carroll
v. State, 990 S.W.2d 761, 761–63 (Tex. App.—Austin 1999, no pet.)
(reversing conviction after a juror testified at a hearing on a motion for new
trial that all jurors viewed a mug shot of the defendant from a prior arrest).  And
if the record does not already show that the jury received other evidence, a
motion for new trial is required to preserve error for our review.  See Tex. R. App. P. 21.2; Trout v. State,
702 S.W.2d 618, 620 (Tex. Crim. App. 1985); see also Woodall, 77 S.W.3d
at 392 (addressing the merits of appellant’s argument that the jury received
other evidence because the record was adequate to address the issue even though
the appellant failed to file a motion for new trial); Dixon, 64 S.W.3d
at 474 (“Because he did not present his motion for new trial to the trial
court, appellant did not preserve error for review, except to the extent that
we may evaluate his assertions on the record before us.” (citation omitted)).

Appellant did not move for a new trial, and the
record does not otherwise show that the jury received other evidence.  The inclusion
of Exhibit 48 in the appellate record does not prove that the exhibit was sent
to the jury when it requested all admitted evidence.  See Borunda v. State,
No. 05-00-00568-CR, 2001 WL 722151, at *2–4 (Tex. App.—Dallas June 28, 2001, no
pet.) (not designated for publication) (affirming the trial court’s finding
that a suppressed statement was not delivered to the jury during deliberations
even though the statement was attached to the reporter’s record as a trial
exhibit).  There was no testimony that Exhibit 48 was present in the jury room
during deliberations, and there is no suggestion in the record that any juror
actually viewed the photograph or considered it when reaching the verdict.  Based
on this record alone, we cannot hold that the jury “received other evidence”
within the meaning of Rule 21.3(f).

Appellant’s issue is overruled, and we affirm the
trial court’s judgment.

 








                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Yates and Price.*

Do Not Publish — Tex. R. App. P. 47.2(b).

 

 









*
Senior Justice Frank C. Price sitting by assignment.