Opinion
filed November 29, 2012

 

                                                                       In The

                                                                              

  Eleventh Court of
Appeals

                                                                   __________

 

                                                         No. 11-10-00368-CR

                                                    __________

 

                               DAVID
LEE THOMISON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On Appeal from the
39th District Court

                                                           Haskell
County, Texas

                                                       Trial
Court Cause No. 6401

 



 

                                            M
E M O R A N D U M   O P I N I O N

The jury convicted
David Lee Thomison of the offense of hindering a secured creditor and assessed
punishment at confinement for fifteen years.  We affirm.

            Appellant presents three
issues on appeal.  In the first issue, he attacks the legal sufficiency of the
evidence to support his conviction.  Specifically, appellant contends that “the
State did not prove that the Appellant sold or disposed of over $200,000 worth
of secured cattle beyond a reasonable doubt.”

To determine the legal
sufficiency of the evidence, we review the evidence in the light most favorable
to the prosecution.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Turner
v. State, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991).  We determine whether
any rational jury could have found the elements of the offense beyond a
reasonable doubt.  Turner, 805 S.W.2d at 427.

A person who has signed
a security agreement, which creates a security interest in property, commits
the offense of hindering a secured creditor if, “with intent to hinder
enforcement of that interest or lien, he destroys, removes, conceals,
encumbers, or otherwise harms or reduces the value of the property.”  Tex. Penal Code Ann. § 32.33(b)
(West 2011).  The State charged appellant with a first-degree felony, and it
had to prove that the value of the property involved was $200,000 or more.  See
id. § 32.33(d)(7).  We note that the statute requires the State to
prove that the value of the property was over $200,000, not that appellant
received more than $200,000 from the sale of that property.

Capital Farm Credit[1] had a
security interest in “[a]ll livestock now owned, possessed and hereafter
acquired including but not limited to: see
security agreement - EXHIBIT A - livestock,
and including all proceeds from the sale or disposition thereof.”  Exhibit A
listed the number, description, and classification of the livestock.  Randy
Riley, a loan officer for Capital Farm Credit, inspected the property in July
2007 and prepared an evaluation of the livestock pledged as collateral for the
loan.  The trial court admitted the valuation without objection by appellant. 
Riley estimated the total value of the 573 head of livestock to be $330,140.  When
the bank demanded the return of the livestock, however, appellant had only thirty-four
head of cattle out of the 573 head pledged.  Although he returned the
thirty-four, appellant failed to account for the others.  While the loan
officer admitted that he had not inspected all of the cattle, his evaluation is
some evidence of the value of the livestock, and it was reasonable for the jury
to infer that the value of the missing livestock exceeded $200,000.  We overrule
appellant’s first issue.

            In his second issue,
appellant complains that Charles Fields, a witness who had been placed under
the witness rule, testified during the punishment phase after violating the
rule.  Appellant alleges that Fields’s wife attended the trial, took detailed
notes of other witnesses’ testimony, and shared them with Fields during
recesses.  The State contends that appellant failed to preserve this issue for
review, that he failed to show a violation of the rule, and that any violation
was harmless.  We note that appellant did not object to the witness’s testimony
at trial; instead, he asserted this as a ground in his motion for new trial. 
Therefore, the issue before us is whether the trial court abused its discretion
when it denied his motion for new trial.

            The State argues that appellant
waived this complaint when he failed to object before, during, or after the conclusion
of the witness’s testimony.  To preserve a complaint for appellate review, the
party must make a timely, specific objection and obtain an adverse ruling.  Tex. R. App. P. 33.1.  For errors that are
not apparent from the record, a motion for new trial is a prerequisite “to
adduce facts not in the record.”  Tex. R.
App. P. 21.2.  In the absence of evidence that appellant was aware of
the violation of the rule at the time of the questionable testimony, the motion
for new trial was sufficient to preserve the error for our review.

            We review the denial of a
motion for new trial for an abuse of discretion.  Lewis v. State, 911
S.W.2d 1, 7 (Tex. Crim. App. 1995).  Upon a party’s request, witnesses must be
excluded from the courtroom during trial “so that they cannot hear the
testimony of other witnesses.”  Tex. R.
Evid. 614.  The purpose behind the rule “is to prevent the testimony of
one witness from influencing the testimony of another.”  Bell v. State,
938 S.W.2d 35, 50 (Tex. Crim. App. 1996).  

            A “violation of the rule is
not in itself reversible error, but only becomes so where the objected-to
testimony is admitted” and affects the substantial rights of an appellant.  Webb
v. State, 766 S.W.2d 236, 240 (Tex. Crim. App. 1989); see also Russell
v. State, 155 S.W.3d 176, 181 (Tex. Crim. App. 2005) (citing Tex. R. App. P. 44.2(b)).  The test for
an abuse of discretion in this situation is whether “the witness’s presence
during other testimony resulted in injury to the defendant.”  Bell, 938
S.W.2d at 50.  Our determination of prejudice depends on a showing of two
criteria:  “(a) did the witness actually confer with or hear the testimony of
the other witness; and (b) did the witness’s testimony contradict the testimony
of a witness from the opposing side or corroborate the testimony of another
witness he had conferred with or had otherwise actually heard.”  Webb,
766 S.W.2d at 240.

We must consider the
kind of witness, the nature of the testimony, and how it relates to the case-in-chief. 
Guerra v. State, 771 S.W.2d 453, 476 (Tex. Crim. App. 1988).  For
example, admitting testimony related to something other than guilt is unlikely
to violate the rule because, usually, that type of testimony neither
corroborates nor contradicts another witness’s testimony.  Guerra, 771
S.W.2d at 476.  In Upton, the trial court permitted a witness to testify
during the punishment phase after the rule had been invoked and after the
witness had heard the guilt-phase testimony.  Upton v. State, 894 S.W.2d
426, 428 (Tex. App.—Amarillo 1995, pet. ref’d).  The witness had no personal
knowledge of the charged crime; instead, her testimony concerned the
defendant’s need for continued counseling.  Id.  The trial court did not
abuse its discretion when it admitted the testimony because the testimony did
not corroborate or contradict “evidence serving to establish or refute an
element of the crime.”  Id.

            In this case, the State
called Fields after the jury had determined appellant’s guilt.  Fields had
cosigned for a loan made to appellant prior to the loan here, and as the
cosigner, he satisfied the note when appellant later defaulted and filed for
bankruptcy.  Although appellant had pledged cattle as collateral for that loan
as well, Fields had no personal knowledge of what happened to the cattle and
did not speculate.  No other witnesses testified to facts surrounding that
transaction.  Fields’s testimony did not contradict or corroborate any other
evidence, and it was given during the punishment phase.  Under these
circumstances, we cannot say that the trial court abused its discretion when it
denied appellant’s motion for new trial on this ground.  Appellant’s second issue
is overruled.

            In his third issue,
appellant contends that he is entitled to a new trial because the jury received
evidence after it retired to deliberate on guilt/innocence.  Appellant
complains that the jury inadvertently received the State’s copy of the jury
charge, which included the prosecutor’s notes in the margins.  During deliberations,
the trial court received a note from the jury, which asked, “Are we supposed to
have this?”  The trial court responded, “No” to the jury’s question.  Although
appellant did not request that the trial court instruct the jury to disregard,
he did request a mistrial, which the trial court denied.  Appellant asserted
this ground in his motion for new trial.  The trial court conducted a hearing,
heard evidence, and denied the motion for new trial.

            We review the denial of a
motion for new trial for an abuse of discretion.  Lewis, 911 S.W.2d at
7.  “The defendant must be granted a new trial . . . when, after retiring to
deliberate, the jury has received other evidence.”  Tex. R. App. P. 21.3(f).  To be entitled to a new trial, the
record must show both (1) that the jury actually received the evidence and (2)
that the evidence was detrimental or adverse to the defendant.  Bustamante
v. State, 106 S.W.3d 738, 743 (Tex. Crim. App. 2003).  We determine whether
the jury “received” other evidence by considering how extensively the jury
examined the evidence and whether the jury was instructed to disregard the
evidence.  Bustamante, 106 S.W.3d at 743.  To determine whether evidence
was detrimental or adverse, we consider its character in light of the issue
before the jury rather than its actual effect.  Garza v. State, 630
S.W.2d 272, 274 (Tex. Crim. App. [Panel Op.] 1981).  In most cases, the evidence
that has been considered detrimental contained new information that damaged the
defendant because it has not been admitted during the trial.  Compare
Carroll v. State, 990 S.W.2d 761, 761–62 (Tex. App.—Austin, 1999, no pet.)
(mug shot indicated prior arrest), and In re M.A.F., 966 S.W.2d 448, 449
(Tex. 1998) (jury discovered marijuana cigarette in pocket of defendant’s
clothes), with Juarez v. State, No. 13-02-186-CR, 2003 WL 21686193, at
*1 (Tex. App.—Corpus Christi July 18, 2003, no pet.) (memo. op., not designated
for publication) (prosecutor’s checklist of the elements of the offense and
list of admitted exhibits added no new facts or information).

            We need not decide whether
the State’s copy of the charge was “other” evidence “received” by the jury.  The
State’s copy of the charge was an exact copy of the court’s charge that had
been submitted to the jury for deliberations, which included three alternate
ways of proving the charged crime.  The only difference was that the State’s
counsel had noted the manner and means in shorthand next to each of the three
relevant paragraphs.  The notes did not add additional facts; they were merely
shorthand for what had been alleged.  In fact, the exact handwritten words and
phrases noted by the prosecutor were contained within each adjacent paragraph. 
We agree with the State that the jurors likely did not know who had made the
notes; they were not biased or inflammatory.  We do not believe that the
State’s copy of the charge with the handwritten notes was of such character to
be adverse or detrimental to appellant during jury deliberations.  We hold that
the trial court did not abuse its discretion when it denied appellant’s motion
for new trial on this ground.  We overrule appellant’s third issue.

            The judgment of the trial
court is affirmed.

 

 

Jim R. Wright

                                                                                                Chief
Justice

November 29, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall, J., and Gray, C.J., 10th Court
of Appeals.[2]









[1]Capital Farm
Credit merged with First Ag Credit in October 2008 and assumed all of its
liabilities.  It has also been called Ag Credit of Texas and Rolling Plains
PCA.





[2]Tom Gray, Chief
Justice, Court of Appeals, 10th District of Texas at Waco, sitting by
assignment to the 11th Court of Appeals.